# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| DENNIS B. WORTHAM, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   CV 214-105 |
| | * |
| ANTHONY BROWN, | * |
| | * |
| Defendant. | * |

### ORDER

On July 11, 2014, Dennis B. Wortham filed this suit against a law enforcement officer named Anthony Brown. In his Complaint, Wortham alleged that Brown used excessive force while arresting him on December 17, 2012. Dkt. No. 1. On August 5, 2014, Brown filed his Answer and Counterclaim for assault and battery. Dkt. No. 7. Wortham did not file an answer to Brown's counterclaim within the requisite time period, and Brown moved for entry of default on October 30, 2014. Dkt. No. 12. The following day, Wortham moved to avoid the entry of default on Brown's counterclaim. Dkt. Nos. 13, 14. Both parties briefed the default issue, and Wortham also moved for summary judgment on Brown's counterclaim. This Order will address the default issue, and the Court will address both parties' Motions for Summary Judgment at a later date. Upon due consideration, Brown's Motion for Entry of Default (Dkt. No. 12) is **DENIED** as moot, and Wortham's Motion to Avoid Entry of Default on Counterclaim (Dkt. No. 14) is **GRANTED**.

I. **Legal Standard**

1

According to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." In this case, Wortham failed to plead or otherwise defend against Brown's counterclaim within 21 days after being served with the pleading, as demonstrated in an affidavit submitted by Brown. Dkt. No. 12-1 (citing Fed. R. Civ. P. 12(a)(1)(B) ("A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.")). Therefore, Wortham was technically in default. See Perez v. Wells Fargo N.A., 774 F.3d 1329, 1337 (11th Cir. 2014) ("[A] defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted.") (citation omitted). Still, "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). As there was no default *judgment* entered in this case, the Court must analyze Wortham's request to set aside the entry of default under the "good cause" standard of Rule 55(c), which is less rigorous than the excusable neglect standard applied in deciding whether to set aside a default judgment as well as in other contexts. See E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990) ("The excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default.") (citations omitted).

While there is no precise formula for assessing "good cause", courts commonly consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (citations omitted). These factors are not talismanic, and other factors also may be

relevant in making a good cause determination. Id. For example, an additional factor that may be relevant is whether the defaulting party acted promptly to correct the default. Id. (citing Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992)). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." Id.

The Eleventh Circuit Court of Appeals has expressed "a strong preference that cases be heard on the merits . . . and strive[s] to afford a litigant his or her day in court, if possible.'" Perez, 774 F.3d at 1342 (internal citations and quotations omitted) (deciding that district court should apply Rule 55(c)'s good cause standard in assessing whether to allow plaintiff to file an out-of-time answer); see also Fla. Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993) ("defaults are seen with disfavor because of the strong policy of determining cases on their merits") (citations omitted).

II. Analysis

Wortham's initial response to the motion for entry of default was that the failure to respond was unintentional and the fault of Wortham's counsel. Wortham stated that he "denies the counterclaim, but undersigned counsel failed to file the answer through sheer oversight and spending too much time in Superior Court where answers to counterclaims are not required by the Georgia Civil Practice Act." Dkt. No. 14. Wortham argued that allowing him to avoid default and file an answer would not prejudice Brown, and not allowing him to do so would cause Wortham to "suffer prejudice through no fault of his own." Id.

a. Whether Default was Culpable or Willful

Wortham's counsel expressed that the failure to answer Brown's counterclaim was a mistake resulting from the fact that counsel had spent significant time practicing in the state

3

courts of Georgia where answers to counterclaims are not required as they are in federal court. Brown maintains that Wortham's asserted reason is insufficient because inadvertence or mistake of counsel is not "good cause." Dkt. No. 16, pp. 3-5. While Brown does cite several cases in support of this argument, several of the cases offered by Brown consider "good cause" under different procedural rules than the one at issue in this case, Rule 55(c). Some bankruptcy and district courts within the Eleventh Circuit have indeed found that a party or attorney's mistaken understanding of the law or relevant rules did not constitute good cause under Rule 55(c). See In re Durango Ga. Paper Co., 314 B.R. 881, 884 (Bankr. S.D. Ga. 2004); Matter of Rogers, 160 B.R. 249, 253-54 (Bankr. N.D. Ga. 1993); Turner Broad. Sys., Inc. v. Sanyo Elec., Inc., 33 B.R. 996, 1002 (N.D. Ga. 1983). But a more recent case from the Eleventh Circuit suggests that a good cause finding may be appropriate in circumstances like those in this case.

In Perez, the Eleventh Circuit expressed that a court's consideration of whether to set aside a default resulting from a plaintiff's failure to answer a defendant's counterclaim should be governed by the good cause standard applicable to Rule 55(c). 774 F.3d at 1335-39. Though the court ultimately remanded the case for the district court to consider the plaintiff's motion under Rule 55(c),[1] the court's analysis offers guidance regarding Rule 55(c)'s good cause standard. Id. As in this case, the plaintiff in Perez attributed her failure to file an answer to a mistake by her attorney: "As Perez explained the circumstances, she originally had filed her action in Georgia state court, where her attorneys were accustomed to practicing, and Georgia does not require the filing of an answer to a counterclaim." Id. at 1334. The Perez court analogized the circumstances in that case to those in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333

---

[1] The district court had initially considered the plaintiff's motion under the more stringent excusable neglect standard from Rule 6. See Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect.").

4

(11th Cir. 2005), "where [the Eleventh Circuit] held that a failure to answer a counterclaim should not, by itself, 'justify the draconian remedy of dismissal with prejudice.'" Id. at 1338 (citing Betty K, 432 F.3d at 1339 (vacating district court's *sua sponte* dismissal of plaintiff/counter-defendant's complaint)). Addressing the standard from Betty K, the Perez court found that the plaintiff's conduct did not appear to be "willful or contumacious", and "the record lack[ed] evidence suggesting a pattern of delay or willful conduct by [plaintiff]." Id. at 1339. Moreover, the plaintiff "had been actively litigating her case", and the record suggested that the "[plaintiff's] attorney, and not [plaintiff] herself, was responsible for the failure to answer the counterclaim." Id. While deferring to the district court on the ultimate good cause determination, the Eleventh Circuit suggested that the factors from Betty K are relevant to the Rule 55(c) good cause analysis. Id.

As in Perez and Betty K, Wortham's conduct in this case does not appear to have been willful or contumacious. The record does not reflect a pattern of delay or willful conduct by Wortham, and Wortham has been actively litigating his case. Further, the record suggests that Wortham's attorney, and not Wortham himself, was responsible for the failure to answer the counterclaim. While this Court takes seriously the obligations of parties and their counsel to read and know the procedural rules applicable to the forums in which they litigate and realizes that Wortham—unlike the plaintiff in Perez—chose to bring his suit in federal court, Wortham's failure to answer Brown's counterclaim within the required time period was not culpable or willful under the less rigorous Rule 55(c) good cause standard. In further support of his assertion that the error was not willful, Wortham acted quickly and filed a motion seeking to avoid the entry of default and to file an answer to the counterclaim as soon as the issue was brought to his attention. See Compania Interamericana, 88 F.3d at 951 (citing "whether the defaulting party

5

acted promptly to correct the default" as another factor relevant to the Rule 55(c) good cause analysis).

### b. Whether Defaulting Party Presents Meritorious Defense

Brown argues that Wortham has not demonstrated a meritorious defense and cannot do so because a jury found him guilty of obstructing a law enforcement officer for his conduct on December 17, 2012. Brown also notes that the common law rule that a citizen has a right to resist an officer no longer has a significant role in modern society. Dkt. No. 16, p. 6 (citing United States v. Bailey, 691 F.2d 1009, 1018 (11th Cir. 1982)). Wortham maintains that Defendant's argument is unavailing because whether Wortham had the right to resist arrest or was convicted of obstruction is not relevant to the issue of whether Wortham battered Brown. Dkt. No. 18, p. 3. In his defense, Wortham states, "[a]t no point did Plaintiff ever voluntarily touch Defendant. There was physical contact between their bodies, but all of such contact was initiated or caused by Defendant." Dkt. No. 18, p. 2. In support of his assertions, Wortham points to the dashcam video recording of the incident and the transcript of the parties' testimony at Wortham's criminal trial. According to Wortham, at the criminal trial, "neither party ever said anything about [Wortham] touching [Brown]." Id. at 2-3.

"It is well settled that general denials and conclusive statements are insufficient to establish a meritorious defense; the movant must present a factual basis for its claim." Turner Broad. Sys. Inc., 33 B.R. at 1002 (citations omitted). Wortham's asserted defense, though not clearly labeled, is essentially that he did not intend or instigate any of the physical contact with Brown. While the evidence cited does not conclusively establish the validity of this defense,[2] Wortham has presented some facts to support his argument. If Wortham were able to prove that

---

[2] A portion of the encounter between Wortham and Brown is not visible on the dashcam video recording and, while the criminal trial transcript may not contain any statements about Wortham touching Brown, this fact does not directly rebut Brown's counterclaim allegations that such actions occurred.

6

he did not intend the contact with Brown, this would be a potentially meritorious defense to Brown's assault and battery allegations. See Kohler v. Van Peteghem, 767 S.E.2d 775, 779 (Ga. Ct. App. 2014) ("[i]t is the intent to make either harmful or insulting or provoking contact with another which renders one civilly liable for a battery.") (citing Hendricks v. Southern Bell Tel. & Tel. Co., 387 S.E.2d 593, 595 (Ga. Ct. App. 1989)); Wallace v. Stringer, 553 S.E.2d 166, 169 (Ga. Ct. App. 2001) ("To constitute an assault no actual injury need be shown, it being only necessary to show an intention to commit an injury, coupled with an apparent ability to do so.") (citations omitted). Thus, Wortham has at least proposed a meritorious defense to Brown's counterclaim.

### c. Whether Setting Aside Default would Prejudice Adversary

The parties dispute whether or not Brown would suffer prejudice if Wortham were permitted to avoid the entry of default and file an answer. Dkt. No. 14, p. 1; Dkt. No. 16, pp. 6-7. Brown points out that, while the expense of litigation alone usually would not suffice to establish prejudice, "the expense a plaintiff incurs in prosecuting a suit in which the defendant has defaulted and presented no meritorious defense, unduly prejudices the plaintiff." Dkt. No. 16, pp. 6-7 (quoting In re Durango Georgia Paper Co., 314 B.R. at 885 (quoting Turner Broad. Sys., Inc., 33 B.R. at 1003)). Brown contends that he would be prejudiced if the entry of default were set aside because of the delay and additional expense he would incur in the continuing proceedings given Wortham's failure to present a meritorious defense. Because the Court finds that Wortham has not failed to present a meritorious defense, Brown has not established that he would be prejudiced merely because of the expenses of the continuing litigation. Additionally, even where a judgment has been entered, "[p]rejudice is not shown by the simple delay that will inherently attend in resolving a case from the setting aside of a judgment." Washington v.

7

Rogers, No. CV406-111, 2007 WL 1732575, at *2 (S.D. Ga. June 14, 2007) (quoting 12 Moore's Federal Practice § 60.22). The same must be true of simple delay that attends in setting aside entry of default, where the bar for showing good cause is less high. Consequently, Brown will not be prejudiced by the setting aside of the default in this case.

### III. Conclusion

As a result of the foregoing review, the Court finds that the factors relevant to the Rule 55(c) good cause analysis weigh in favor of setting aside the default and allowing Wortham to file an answer to Brown's counterclaim. In so deciding, this Court has taken into account the Eleventh Circuit's preference for deciding cases on the merits rather than through default. Brown's Motion for Entry of Default (Dkt. No. 12) is **DENIED** as moot, and Wortham's Motion to Avoid Entry of Default on Counterclaim (Dkt. No. 14) is **GRANTED**. Wortham will have ten (10) days from the date of this Order to file an Answer to Brown's Counterclaim.

**SO ORDERED**, this 7TH day of May, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

8